# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| THERESE PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 50484 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| JOANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Therese Page ("Plaintiff") seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On December 6, 2004, this court remanded for further consideration Plaintiff's application for Disability Insurance Benefits ("DIB"). Plaintiff claims she is entitled to fees under the EAJA because the Commissioner's position in defending the decision of the Administrative Law Judge ("ALJ") was not "substantially justified." For the reasons stated below, Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the EAJA ("Motion for Fees") is **granted**.

## Background

The facts of this case have been discussed in greater detail in one of this court's previous opinions, *Page v. Barnhart*, 03 C 50484 (N.D. Ill. December 6, 2004), and thus, for the purposes of this motion, this court will only briefly summarize the relevant facts below.

Plaintiff filed for DIB on March 20, 2001, claiming that she was unable to work due to seizures, a back injury, depression, anxiety, and limited right hand mobility. Plaintiff's application was denied initially and on reconsideration. She filed and received a hearing before

an ALJ, but the ALJ denied her claim.  Following a denial of benefits, Plaintiff filed an action seeking judicial review pursuant to 42 U.S.C. § 405(g).  This court granted in part and denied in part summary judgment for Plaintiff.  The ALJ's determination as to Plaintiff's RFC was remanded for re-evaluation.  The ALJ's Step Four past relevant work analysis was also remanded for additional findings, or in the alternative, the ALJ was directed to proceed to Step Five.

## Discussion

Under the EAJA, Plaintiff is entitled to fees if she is: 1) a prevailing party; 2) the position of the United States was not "substantially justified;" 3) no special circumstances exist that would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action.  28 § U.S.C. 2412(d)(1); *see also United States v. Hallmark Construction Co.,* 200 F.3d 1076, 1079 (7th Cir. 2000).  The Commissioner does not dispute that Plaintiff is the prevailing party or that the application was timely filed.  Rather, the real issue is whether the Commissioner's position was "substantially justified."

A.   *Attorney's Fees*

Previously, this court found that the ALJ's decision to deny benefits to Plaintiff was based on an error of law at Step Four of the disability determination process justifying remand.  Specifically, this court remanded because it was unclear if the ALJ made the individualized comparison of Plaintiff's past relevant work and her exertional and non-exertional capabilities as is required in the Seventh Circuit and by SSR 82-62 and SSR 82-61.  The court pointed to evidence in the record that suggested the ALJ would not have found that Plaintiff could perform her past relevant work if the ALJ had completed the **Step Four analysis with due attention to the**

requirements of SSR 82-62 and SSR 82-61.[1] Therefore, on remand, the ALJ was directed to make additional findings at Step Four, or in the alternative, proceed to Step Five.

Because the court remanded for further findings at Step Four, the court also previously decided that the ALJ should determine the RFC statement for Plaintiff prior to her carpal tunnel surgery as well. While Plaintiff underwent a surgery that "eliminated" her symptoms of discomfort by January 3, 2002, she claimed disability since June, 2000. The ALJ's RFC only accounted for Plaintiff's symptoms post-surgery. Thus, the ALJ's opinion failed to account for any disabling symptoms Plaintiff may have had prior to her surgery, so the court remanded to fill the gap in the ALJ's opinion. The court, however, did not find anything in the record clearly establishing disability pre-surgery, and stated the gap would not ordinarily be enough in and of itself for remand.

Now, this court must turn to see whether the Commissioner was justified in defending the ALJ's opinion. The fact that the Commissioner did not prevail creates no presumption in favor of awarding fees. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Rather, the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991). Substantial justification is demonstrated when the government's position is grounded in: "(1) a reasonable basis in truth for

---

[1] For example, the court noted that Plaintiff's job history information showed she was required to lift up to fifty pounds at her past mail clerk job, and up to twenty pounds frequently at her hand packing job. Yet, even though the ALJ's RFC determination limited Plaintiff to lifting no more than twenty pounds occasionally and ten pounds frequently, the ALJ found Plaintiff could return to these prior jobs. The ALJ also did not discuss whether the requirements of being a hand packager or mail clerk (as they exist in the national economy) were consistent with Plaintiff's RFC as the ALJ relied exclusively on the vocational expert's statement that his testimony did not conflict with the DOT.

3

the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Elster v. Barnhart*, No. 01 C 4085, 2003 WL 21799938, at *1 (N.D. Ill. July 29, 2003)(quoting *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000)).

In this case, the Commissioner's position defending the ALJ's failure to consider Plaintiff's pre-operation symptoms in a separate RFC and her failure to properly evaluate Plaintiff's past relevant work troubled the court because the ALJ overlooked important facts and violated long established Social Security Rulings and Seventh Circuit case law. Social Security Regulations 82-61 and 82-62 were promulgated in 1982, and case law interpreting the Regulations and the requirements of the ALJ regarding individualized comparison of a claimant's past relevant work and exertional and non-exertional capabilities dates back to 1984 and is discussed in several subsequent opinions. *See Strittmatter v. Schweiker*, 729 F.2d 507 (7th Cir. 1984); *Nolen v. Sullivan*, 939 F.2d 516, 518-19 (7th Cir. 1991); *Dodd v. Shalala*, 46 F.3d 1133, 1994 WL 712598 (7th Cir. 1994); *Smith v. Barnhart,* 388 F.3d 251 (7th Cir. 2004); *Clark v. Bowen*, 1986 WL 13522, at *2-3 (N.D. Ill. Nov. 24, 1986); *Daniels v. Heckler*, 1986 WL 1839, at *3 (N.D. Ill. 1986). In light of the above, the court cannot find that the Commissioner's position was substantially justified. Therefore, Plaintiff is entitled to an award of fees under the EAJA.

B.      *Reasonableness of Fees*

Having determined that Plaintiff is entitled to attorney's fees, this court turns to whether the fees requested are reasonable. Plaintiff's attorney requests $7,141.71 in fees and costs, representing 26.9 hours of work at $125.00 per hour plus the COLA, 26.55 hours at $95.00 per

4

hour, and $28.95 in costs plus an additional 3.5 attorney hours for the drafting of the pending reply brief. (Mot. for Fees at 5; Pl.'s Reply, at 11). The Commissioner challenges the total 56.95 hours Plaintiff's attorney seeks.

The EAJA provides a statutory cap of $125 per hour on attorney's fees that this court may increase if justified by an increase in the cost of living or special factors. *See* 28 U.S.C. § 2412(d)(2)(A). Other courts in the Northern District of Illinois have found that a "Plaintiff calculates his attorneys' hourly fees by adjusting the statutory figure upward on a month by month basis linked to increases in the cost of living index since March of 1996 when the EAJA was last amended." *Banks v. Barnhart*, No. 01 C 382, 2003 WL 22019796, at *5 (N.D. Ill. Aug. 26, 2003). Plaintiff's hourly rate for attorney's fees appears appropriately calculated and is not challenged by the Commissioner. The Commissioner also does not challenge the hourly rate of $95.00 for work completed by paralegals.

Beyond properly calculating an hourly rate, Plaintiff has the burden of proving that her fee request is reasonable and to support it with documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff has provided a detailed time sheet of attorney Frederick J. Daley with her motion. The Commissioner disputes Mr. Daley's time entries as duplicative and excessive given the hours claimed by two attorneys and two law clerks, especially "where the senior attorney is one of the most experienced Social Security attorneys in this region." (Def.'s Mem., at 7). The Commissioner, however, did not specifically contest any of Mr. Daley's time entries.

In response, Mr. Daley argues that there was no duplication of effort and states that 56.95 hours is a reasonable amount of time according to recent case law in the Seventh Circuit. (Pl.'s Reply, at 10). **Given the nature of this case, this court agrees. Not one of Mr. Daly's time**

5

entries (or that of his staff) appears objectionable to the court, and the amount of hours billed appears in keeping with other EAJA petitions for fees granted by this court and other courts in the Seventh Circuit. *See, e.g., Davis v. Barnhart*, 03 C 50276, 2004 WL 1899978 (N.D. Ill. Aug. 20, 2004); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 919 (E.D. Wis. 2004). Likewise, Mr. Daley's use of another attorney to complete EAJA related matters, one law clerk to aid in drafting Plaintiff's Memorandum in Support of Summary Judgment, and a second law clerk to aid in drafting the Reply does not translate into duplication of effort. The dates of the entries show a coordinated effort to complete the necessary work preparing Plaintiff's case, and counsel was entitled to rely on the assistance of law clerks. *See, e.g., Sameul v. Barnhart*, 316 F. Supp.2d 768 (E.D. Wis. 2004).

Based on this court's knowledge and history dealing with these types of issues, the court finds that **56.95** hours is a reasonable amount of time for researching and drafting a Motion for Summary Judgment/Memorandum in Support, a Reply Brief, **and a Petition for Fees.** Therefore, after weighing all the evidence presented, this court finds Mr. Daly is entitled to fees for **56.95 hours of work for a total of $7,141.71.**

### Conclusion

For the above stated reasons, Plaintiff's Motion for Fees **is granted. This court grants** Plaintiff attorney's fees and costs, pursuant to the EAJA, in the amount of $7,141.71.

ENTER: *[signature]*

---
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: May 5, 2005